*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0509**

State of Minnesota,
Respondent,

vs.

Jeremia Joseph Loper,
Appellant.

**Filed February 29, 2016
Affirmed
Reilly, Judge**

Stearns County District Court
File No. 73-CR-14-3180

Lori Swanson, Attorney General, Robert A. Plesha, Assistant Attorney General, St. Paul, Minnesota; and

Janelle P. Kendall, Stearns County Attorney, St. Cloud, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Suzanne M. Senecal-Hill, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Cleary, Chief Judge; Chutich, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REILLY**, Judge

Appellant argues that his conviction of second-degree criminal sexual conduct must be reversed because the state failed to prove beyond a reasonable doubt that appellant intentionally touched the complainant with sexual or aggressive intent. We affirm.

**FACTS**

During the summer of 2011, appellant Jeremia Loper lived in an apartment above Z.C.S. in a fourplex in Sartell, Minnesota. At trial, Z.C.S. testified about an incident that occurred when she was playing tag in the yard with her brother, another young boy, and appellant, and everyone ended up in a "dog pile." While in the "dog pile" appellant put his hand up her shirt and "grabbed [her] boob" on her bare skin with a "squeezing" motion for longer than a few seconds. She was wearing a T-shirt and did not have a bra on underneath. She testified that during the summer of the incident her breasts were changing by "getting bigger." Z.C.S. did not think it was an accident when appellant grabbed her breast and testified it felt "[n]ot okay." Later that summer Z.C.S. went with her younger brother to appellant's unit in the fourplex to watch a movie. Appellant "snapped" her training bra strap with his fingers and asked her to "flash" him. Z.C.S. testified that "[b]ecause of what had happened before" she did not think he was joking. At the time of the incidents Z.C.S. was 10 or 11 years old and appellant was 19 or 20 years old.

After a bench trial, appellant was found guilty of second-degree criminal sexual conduct in violation of Minn. Stat. § 609.343, subd. 1(a) (2010), and attempted indecent exposure in violation of Minn. Stat. §§ 609.17, 617.23, subd. 2(1) (2010). This appeal followed.

Appellant argues there was not sufficient evidence to determine that he touched Z.C.S.'s breast with sexual or aggressive intent.[1] "Because intent is a state of mind, it is generally proved circumstantially by drawing inferences from the defendant's words and actions in light of the totality of the circumstances." *State v. Essex*, 838 N.W.2d 805, 809 (Minn. App. 2013), *review denied* (Minn. Jan. 21, 2014) (quotation omitted). We discussed "sexual intent" in *State v. Austin*, 788 N.W.2d 788, 792 (Minn. App. 2010), *review denied* (Minn. Dec. 14, 2010). We explained:

> "Sexual intent" is not defined in the statute; therefore we construe it "according to [its] common and approved usage." Minn. Stat. § 645.08(1) (2008). In common usage, an act is committed with sexual intent when the actor perceives himself to be acting based on sexual desire or in pursuit of sexual gratification. Sexual intent must be established to avoid criminalizing contact that is accidental or that serves an innocuous, non-sexual purpose. *See State v. Vick*, 632 N.W.2d 676, 691 (Minn. 2001) (stating that circumstances of sexual contact "negate[d] the possibility of an innocent explanation such as accidental touching or touching in the course of caregiving").
>
> But a showing of sexual intent does not require direct evidence of the defendant's desires or gratification because a subjective sexual intent typically must be inferred from the

---

[1] Appellant was convicted under Minn. Stat. § 609.343, which provides "[a] person who engages in sexual contact with another person is guilty of criminal sexual conduct in the second degree if . . . the complainant is under 13 years of age and the actor is more than 36 months older than the complainant." Minn. Stat. § 609.343, subd. 1(a). Sexual contact includes "the intentional touching by the actor of the complainant's intimate parts." Minn. Stat. § 609.341, subd. 11(a)(i) (2010). The definition of intimate parts includes breasts. *Id.*, subd. 5 (2010). Appellant does not allege that the state failed to prove beyond a reasonable doubt that he touched Z.C.S.'s breast, nor does he challenge that at the time of the incident Z.C.S. was under the age of 13 and he was over 36 months older than her.

3

nature of the conduct itself. *See State v. Fardan*, 773 N.W.2d 303, 321 (Minn. 2009) (stating that intent is "an inference drawn by the [fact-finder] from the totality of the circumstances"); *see, e.g.*, *Vick*, 632 N.W.2d at 691 (stating that the contact described "clearly permits the inference" that defendant acted with sexual intent).

*Austin*, 788 N.W.2d at 792 (citations in original).

*Circumstances Proved*

"[W]hen reviewing the sufficiency of circumstantial evidence, 'our first task is to identify the circumstances proved.'" *State v. Andersen*, 784 N.W.2d 320, 329 (Minn. 2010) (quoting *State v. Stein*, 776 N.W.2d 709, 718 (Minn. 2010) (plurality opinion)). "In identifying the circumstances proved, we defer, consistent with our standard of review, to the [fact-finder's] acceptance of the proof of these circumstances and rejection of evidence in the record that conflicted with the circumstances proved by the State." *Id.* (quotation omitted).

At trial, the district court found Z.C.S.'s testimony was credible. Z.C.S. testified that appellant put his hand up her shirt and "grabbed [her] boob" on her bare skin with a "squeezing" motion for longer than a few seconds, it felt "[n]ot okay," and she did not think it was an accident. The district court found that the touching was not an accident, and that on another occasion appellant "snapped" Z.C.S.'s bra and asked her to flash him.

*Reasonableness of Inference*

"Our second step is to examine independently the reasonableness of all inferences that might be drawn from the circumstances proved; this includes inferences consistent with a hypothesis other than guilt." *Id.* (quotation omitted). We do not defer to the fact-

finder's choice between reasonable inferences. *Id.* at 329-30. "[T]he circumstances proved must be consistent with guilt and inconsistent with any rational hypothesis except that of guilt." *Id.* at 330.

The act of "squeezing" the breast for longer than a few seconds coupled with Z.C.S.'s testimony that she did not think it was an accident is consistent with the inference that appellant touched her with sexual intent and inconsistent with the contention that appellant touched her bare breast under her shirt accidentally. Because sexual intent is subjective, it is "inferred from the nature of the conduct itself." *Austin*, 788 N.W.2d at 792 & n.3 ("[W]hen the [appellant] performs the intimate touching, the intent is probably sexual. . . .").

Due to the action required in squeezing and the duration of the action, the circumstances proved are inconsistent with the act being accidental or any other reasonable hypothesis. Because the action involved touching an intimate part it is reasonable to infer the act was done with sexual intent. Therefore, there was sufficient evidence to conclude that appellant touched Z.C.S.'s breast with sexual intent.

**Affirmed.**